**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DISASTER KLEENUP INTERNATIONAL, INC., | ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. ) ) |
| KAPING CONSTRUCTION and FRED KAPING, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, Disaster Kleenup International, Inc. ("DKI"), by its attorneys, for its Complaint against defendants Kaping Construction and Freed Kaping Construction, states as follows:

### The Parties

1. DKI is a Delaware corporation with its principal place of business in Illinois. DKI is a "disaster restoration" contracting organization made up of the industry's leading, independent, property damage restoration owners. DKI has more than 400 members throughout the United States.

2. On information and belief, Kaping Construction is a citizen of California; it is a corporation organized and existing under the laws of the state of California, with its principal place of business in California.

3. At all relevant times, Kaping Construction was a member of DKI and provides, among other things, disaster restoration, reconditioning and reconstruction services.

4. Defendant Fred Kaping is an individual who is a citizen of California. On information and belief, at all relevant times, Kaping was the chief executive officer and the sole or majority shareholder of Kaping Construction.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, predicated upon the Lanham Act, 15 U.S.C. § 1051, *et seq*., and pendant jurisdiction pursuant to 28 U.S.C. § 1367 as to the remaining claims.

6. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b) in that events and omissions giving rise to the claim occurred within this judicial district, Defendants caused damages within this district, and, Kaping Construction stipulated to the jurisdiction of this Court, and this District.

**Allegations Common to All Counts**

7. DKI has developed strategic national alliances and partnerships representing a cross-section of the industry's top insurance and corporate clients in the residential and commercial arenas.

8. By joining DKI, members get access to a network of other professionals with which to align (as needed), access to the DKI standards and systems of operations, and a wide range of support, including continuing educational, technical training, access to technology solutions, marketing resources and purchasing leverage.

9. To become a member of DKI, a contractor must execute a "Membership Agreement" and pay monthly membership fees.

10. Each DKI member has control over its own independent business. DKI does not regulate the type and amount of fees charged by its members. The member has

the sole right to hire and fire its employees, has the right to regulate working conditions of its employees, and is solely responsible for compensation of (and related benefits to) its employees.

11.     A DKI member has the express right to conduct its independent business solely in its own name.  Alternatively, a member can conduct business under the "DKI" name and trademark, or with the "DKI" name plus a separate trade name.  By the terms of the Membership Agreement, however, any member that uses or incorporate the "DKI" trade name or trademark into its own name must also display the following disclaimer on all of its contracts, forms, estimate sheets, receipts, brochures and promotional materials: "**THIS DKI BUSINESS IS INDEPENDENTLY OWNED AND OPERATED."**

12.     Moreover, every member expressly acknowledges and agrees that its membership in DKI does not make it an "agent, joint venturer, partner, employee, servant or legal representative of DKI."

13.     Finally, each Member agrees to indemnify DKI for any claims asserted against DKI based upon the acts or omissions of the member.  In pertinent part, the Membership Agreement provides:

> To the fullest extent permitted by law, the member shall defend and save DKI harmless and indemnified from and against any and all claims for bodily injury and death, for property damage, or any other loss or damage suffered or incurred by DKI resulting from the negligence or any act or omission of the Member, or its agent(s) and subcontractor(s), arising out of or in any way connected with the performance, attempted performance, or failure to perform the operation of its disaster restoration business as set forth in this Membership Agreement.

14.     Kaping Construction executed a Membership Agreement in November 2010, and again in 2013.  Fred Kaping executed the Membership Agreement on behalf of Kaping Construction.  The current Membership Agreement has a three year term.

15. On or about May 23, 2013, XL Specialty Insurance Company ("XL Specialty") filed a complaint versus Kaping Construction, Fred Kaping, and DKI, among others in the Superior Court in California as case number 30-2013-00651692-CU-FR-CJC. XL Specialty's allegations in the lawsuit relate to claims for loss by its insured, P&G Super Burgers ("P&G), and certain allegedly false statements made in connection therewith by Kaping Construction and Fred Kaping.

16. DKI had had no contract with XL Specialty, did not refer or recommend Kaping Construction to XL Specialty, and prior to the filing of the lawsuit, never spoke to anyone at XL Specialty about P&G or Kaping Construction.

17. Similarly, DKI did not refer or recommend Kaping Construction to P&G, and never spoke to anyone at about P&G about its claim or about Kaping Construction.

18. The claims against DKI were based solely upon Kaping Construction's use of the DKI name and logo on its written estimates.

19. The subject estimate failed to display the requisite disclaimer: "**THIS DKI BUSINESS IS INDEPENDENTLY OWNED AND OPERATED.**"

20. DKI did not review any estimate (or any invoice, statement or communication of any type) from Kaping Construction to XL Specialty (or any other person or entity) regarding any claim by P&G or any work performed in connection therewith.

21. Nevertheless, XL Specialty contended that based upon the presence of the DKI name and logo on Kaping Construction's estimate, DKI was bound by Kaping Construction's acts and omissions.

4

22. After it was served with the complaint, DKI demanded that Kaping Construction and Fred Kaping indemnify it pursuant to the terms of the Membership Agreement. Both Kaping Construction and Fred Kaping failed to do so. In fact, on information and belief, Kaping Construction and Fred Kaping failed to move, answer or otherwise plead in response to the complaint and, in turn, a default judgment was entered against them.

23. As a result, DKI was forced to defend the claims against it, incurring substantial costs in connection therewith. In May 2014, DKI filed a motion for summary judgment, demonstrating that it had no knowledge of or involvement with the P&G claim, and had no control over Kaping Construction's business activities. In or about late July 2014, XL Specialty finally dismissed the claims against DKI.

24. DKI incurred more than $43,000 in legal fees to defend against the claims asserted against it by XL Specialty.

## COUNT I
### (Injunctive Relief – 15 U.S.C. § 1116(a))

25. DKI re-alleges and incorporates paragraphs 1 through 24, as though fully set forth herein.

26. DKI offers services in interstate commerce, provides services and resources to its members through instrumentalities of interstate commerce, and solicits memberships and payments through instrumentalities of interstate commerce.

27. Kaping Construction's use of the DKI name and logo without the required disclaimer that "**THIS DKI BUSINESS IS INDEPENDENTLY OWNED AND OPERATED**" implies a falsely affiliation between DKI and Kaping Construction, and

5

has caused and is likely to continue to cause confusion as to a direct affiliation or agency between DKI and Kaping Construction.

28. Such conduct by Kaping Construction constitutes unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Kaping Construction's continued use of the use of the DKI name and logo without the required disclaimer threatens DKI with irreparable harm, continuing economic injury, and damage to its goodwill and business reputation.

WHEREFORE, pursuant to § 34(a) of the Lanham Act, 15 U.S.C. § 1116 (a), DKI respectfully requests the entry of an order permanently enjoining Kaping Construction from violating § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), enjoining Kaping Construction, its affiliates, assignees, officers, employees, agents and/or representatives from marketing or selling its services using the DKI name and logo without the required disclaimer, awarding DKI its costs and attorneys' fees, and granting such other relief as this Court may deemed just and appropriate.

## COUNT II
### (Damages - 15 U.S.C. § 1117(a))

30. DKI re-alleges and incorporates paragraphs 1 through 29, as though fully set forth herein.

31. Kaping Construction's use of the DKI name and logo without the required disclaimer that "**THIS DKI BUSINESS IS INDEPENDENTLY OWNED AND OPERATED**" has caused and will continue to cause competitive economic injury to DKI.

WHEREFORE, pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1117 (a), DKI respectfully requests the entry of judgment in its favor and against Kaping

Construction in amounts to be proven, awarding DKI its costs and attorneys' fees, and granting such other relief as this Court may deemed just and appropriate.

## COUNT III
### (Breach of Contract)

32. DKI re-alleges and incorporates paragraphs 1 through 31, as though fully set forth herein.

33. The Membership Agreement is a valid and binding contract that remained in full force and effect at all relevant times.

34. DKI performed its obligations under the Membership Agreement.

35. Kaping Construction breached the Membership Agreement in the manner described herein.

36. DKI has suffered damages as a direct and proximate result of such breach, including attorneys' fees incurred in defending the underlying action.

WHEREFORE, DKI respectfully requests the entry of an order of judgment in its favor and against Kaping Construction for the full extent of its damages in an amount to be proven at trial, an award of attorneys' fees as provided in the Membership Agreement, plus such other relief as this Court may deemed just and appropriate.

## COUNT IV
### (Equitable Indemnity)

37. DKI re-alleges and incorporates paragraphs 1 through 36, as though fully set forth herein.

38. Principles of equity mandate that Kaping Construction and Fred Kaping should indemnify DKI for the damage it incurred based solely upon the acts or omissions of Kaping Construction and Fred Kaping.

7

WHEREFORE, DKI respectfully requests the entry of an order of judgment in its favor and against Kaping Construction and Fred Kaping for the full extent of its damages in an amount to be proven at trial, an award of attorneys' fees as provided in the Membership Agreement, plus such other relief as this Court may deemed just and appropriate.

## COUNT V
### (Breach of Guarantee Agreement)

39.     DKI re-alleges and incorporates paragraphs 1 through 38, as though fully set forth herein.

40.     To induce DKI to enter into the Membership Agreement with Kaping Construction, Fred Kaping executed a written Guarantee Agreement pursuant to which he agreed to make any and all payments to DKI that were required by Kaping Construction under the Membership Agreement.  A true and correct copy of the Guarantee Agreement is attached hereto as Exhibit A.

41.      Kaping Construction breached the Membership Agreement in the manner described herein.

42.     DKI has suffered damages as a direct and proximate result of such breach, including attorneys' fees incurred in defending the underlying action.

WHEREFORE, DKI respectfully requests the entry of an order of judgment in its favor and against Fred Kaping for the full extent of its damages in an amount to be proven at trial, an award of attorneys' fees as provided in the Membership Agreement, plus such other relief as this Court may deemed just and appropriate.

Respectfully submitted,

**DISASTER KLEENUP INTERNATIONAL, INC.,**

By: */s/ George J. Spathis*
    One of its Attorneys

George J. Spathis, Esq.
Mathew R. Barrett, Esq.
Horwood Marcus & Berk Chartered
500 West Madison, Suite 3700
Chicago, Illinois 60661
Phone: (312) 606-3200